MORGAN, LEWIS & BOCKIUS LLP
COLLIE F. JAMES IV, Bar No. 192318
collie.james@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: +1.714.830.0600
Fax: +1.714.830.0700

BENJAMIN K. JACOBS (PA ID 315984)
(*Pro Hac Vice forthcoming*)
benjamin.jacobs@morganlewis.com
1701 Market Street
Philadelphia, PA 19103-2921
Tel: +1.215.963.5000
Fax: +1.215.963.5001

Attorneys for Defendant
PEPPERIDGE FARM, INCORPORATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TONY SHERMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PEPPERIDGE FARM, INC., a Connecticut Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 8:22-cv-1781<br><br>**DEFENDANT PEPPERIDGE FARM, INCORPORATED'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. §§ 1332, 1441, AND 1446]**<br><br>[Orange County Superior Court, Case No. 30-2022-01271192-CU-WT-CJC] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF TONY SHERMAN AND HIS ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Pepperidge Farm, Incorporated ("Defendant" or "Pepperidge Farm") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. In support of this removal, Defendant states the following:

## I. PLEADINGS, PROCESS, AND ORDERS

1. On July 21, 2022, Plaintiff Tony Sherman ("Plaintiff") filed a complaint in the Superior Court of the State of California, for the County of Orange, entitled *Tony Sherman, an individual, v. Pepperidge Farm, Inc., a Connecticut Corporation, and DOES 1-50, inclusive*, Case No. 30-2022-01271192-CU-WT-CJC ("Complaint"). On July 26, 2022, Plaintiff filed an amended complaint ("First Amended Complaint").

2. The First Amended Complaint alleges five causes of action: (1) Whistleblower Retaliation (California Labor Code § 1102.5); (2) Breach of Implied Covenant of Good Faith and Fair Dealing (related to contract termination); (3) Breach of Contract (related to contract termination); (4) Retaliation for Engaging in Protected Activity (California Labor Code § 98.6); and (5) Breach of Contract (related to a valuation dispute).

3. On August 30, 2022, Plaintiff served Pepperidge Farm with the Complaint and First Amended Complaint. True and correct copies of the Summons, Complaint, First Amended Complaint, and all other concurrently served documents are attached hereto as **Exhibit A**.

4. **Exhibit A** constitutes all pleadings, process, and orders that have been served in the Superior Court action.

5. No proceedings have been held in the Superior Court action.

## II. REMOVAL IS TIMELY

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is being filed within thirty (30) days of completion of service of process on Pepperidge Farm (which was August 30, 2022) and within one (1) year of the commencement of this action. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL DIVERSITY JURISDICTION

### A. Removal Is Proper Under 28 U.S.C. § 1332(a)(1)

7. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and that may be removed by Pepperidge Farm pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy (though Pepperidge Farm denies any liability) exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### B. Complete Diversity of Citizenship Exists

8. A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., each plaintiff must be diverse from each defendant. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(a)–(b). Here, all requirements for complete diversity are met because Plaintiff is a citizen of California, while Defendant is incorporated under the laws of Connecticut and has its headquarters and principal place of business in Norwalk, Connecticut, thus making Defendant a citizen of Connecticut, *not* California.

#### 1. Plaintiff Tony Sherman Is a California Citizen

9. "An individual is a citizen of the state in which he is domiciled; domicile is determined by an individual's 1) residence in a state, and 2) his intent to

remain indefinitely." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Citizenship is determined at the time the lawsuit is filed. *Id.* There is a presumption in favor of an established domicile as opposed to a newly acquired one. *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (quoting *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)).

10. Plaintiff is a resident of Orange County, California. Compl. ¶ 2; First Am. Compl. ("FAC") ¶ 2. Plaintiff operated a business named Fun Stuff Foods, Incorporated ("Fun Stuff Foods"), a company to which Pepperidge Farm granted an exclusive distributorship for certain consigned products to be sold within a particular geographic area in California. FAC ¶ 8. Pepperidge Farm is not aware of any addresses associated with Plaintiff or Fun Stuff Foods outside of California.

11. Plaintiff is domiciled in California because he is a resident there and has shown an intent to remain through the operation of his business for twelve years in California. Plaintiff does not allege any alternate state of citizenship. Accordingly, Plaintiff is, and has been at all times since the commencement of this action, a citizen of California for purposes of diversity jurisdiction.

### 2. Defendant Pepperidge Farm, Incorporated Is Not a California Citizen

12. A corporation is a citizen of every state where it has been incorporated and has its "principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"—i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). The Court further described the "principal place of business" as "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.

13. At all relevant times, Pepperidge Farm was and is a corporation established under the laws of the State of Connecticut. FAC ¶ 3.

14. Pepperidge Farm maintains its headquarters at 595 Westport Avenue, Norwalk, Connecticut 06851 (FAC ¶ 3), which serves as its principal place of business.

15. Thus, Pepperidge Farm is, and has been at all times since the commencement of this action, a citizen of Connecticut for purposes of diversity jurisdiction.

### 3. Citizenship of Doe Defendants Should Be Disregarded

16. "In determining whether a civil action is removable on the basis of [diversity] jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding district court was correct in only considering domicile of named defendants and not fictitious defendant).

17. Here, Plaintiff names Doe Defendants numbers 1–50 in the First Amended Complaint but provides no other facts to establish these defendants are real parties with a relationship to this action. As such, these defendants are wholly fictitious and should be disregarded for purposes of assessing removal. Complete diversity therefore exists between the parties because Plaintiff is a citizen of California, while Pepperidge Farm is a citizen of Connecticut.

### C. The Amount-In-Controversy Requirement Is Met

18. Federal district courts have original jurisdiction in civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where the amount in controversy is unclear from the face of a state court complaint, removal is proper if the defendant provides evidence that it is more likely than not that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). A court may consider allegations in the operative complaint at the time of removal and in the notice of removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–16 (9th Cir. 2018).

19. The Supreme Court has recognized that a defendant's notice of removal "need include only a **plausible allegation** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added); *see also id.* at 87 ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

20. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347–48 (1977), *superseded by statute on other grounds*; *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). To determine the amount in controversy, a court assumes the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204–05. All claims in an action by a single plaintiff against a single defendant can be aggregated to meet the minimum jurisdictional amount. *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (citing *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d

489, 491 (9th Cir. 1972)).

21. Here, Plaintiff's First Amended Complaint seeks recovery on several fronts, including damages for alleged lost earnings and employment benefits, emotional distress damages, and other general and special damages. FAC ¶¶ 36–38, 48, 55, 63, 72, Prayer ¶¶ 1–2. Plaintiff also seeks judgment against Pepperidge Farm for punitive damages and attorneys' fees. FAC ¶¶ 39–40, 49, 56, 64–65, 73, Prayer ¶¶ 5–7. While Pepperidge Farm denies any and all liability to Plaintiff and that these categories of damages are all available to Plaintiff, there can be no doubt that based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

### 1. Economic Damages

22. Plaintiff alleges that, as a result of Pepperidge Farm's purported conduct, he is entitled to an unspecified amount of "[a]ctual damages, including loss of past earnings, bonuses, deferred compensation, and other employment benefits." FAC ¶¶ 36, 48, 55, 63, 72, Prayer ¶ 1. Even though Plaintiff's business was an independent contractor and Plaintiff himself had no relationship at all with Pepperidge Farm, in cases where a plaintiff alleges he or she was unlawfully terminated from employment (which Pepperidge Farm denies is or could be the case here), alleged lost earnings and benefits are included in the amount-in-controversy calculation. *See, e.g.*, *Melendez v. HMS Host Family Rest., Inc.*, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from date of alleged adverse employment action to anticipated date of judgment in amount-in-controversy calculation); *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal). Assessing a plaintiff's anticipated lost wages over a one-year period—from the filing of a complaint to the expected date of judgment, for example—has been deemed reasonable. *See, e.g.*, *Melendez*, 2011

WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3.

23. Pepperidge Farm terminated the Consignment Agreement between Pepperidge Farm and Fun Stuff Foods on July 21, 2021. FAC ¶ 22.

24. At the time of this termination, Fun Stuff Foods' most recent annual revenue exceeded $75,000.

25. Plaintiff also alleges that Pepperidge Farm paid Plaintiff "substantially less" than the amount that Pepperidge Farm was contractually bound to pay Plaintiff for the "sale of Fun Stuff Foods, Inc." FAC ¶¶ 28, 69. Fun Stuff Foods received more than $380,000 in connection with the sale of Fun Stuff Foods' distribution territory. It is reasonable to conclude that a "substantial amount" more than those proceeds, together with the other relief sought, could exceed $75,000.

### 2. Emotional Distress and Special Damages

26. In addition to alleged lost earnings, Plaintiff alleges that, as a result of Pepperidge Farm's purported conduct, he is entitled to an unspecified amount of "[g]eneral and special damages, including, but not limited to, pain and suffering, emotional distress, loss of reputation and medical expenses." FAC ¶¶ 37–38, 63, Prayer ¶ 2. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress and special damages. *Chavez*, 888 F.3d at 414–15. "[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

27. Courts have found that allegations of emotional distress and special damages alone are sufficient to satisfy the amount-in-controversy requirement, even when no specific amount is alleged in the complaint. *See Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146–47 (E.D. Cal. 2018).

### 3. Punitive Damages

28. Plaintiff also seeks to recover an unspecified amount in punitive

damages as to his retaliation claims pursuant to California Labor Code §§ 1102.5 and 98.6 and his claim for breach of implied covenant of good faith and fair dealing. FAC ¶¶ 39, 49, 65, Prayer ¶ 5. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033.

29. California juries have returned verdicts involving alleged retaliation that include punitive damages for amounts in excess of the amount-in-controversy requirement. *See, e.g.*, *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (plaintiff receiving more than the amount-in-controversy requirement in punitive damages *alone* for, *inter alia*, wrongful termination and invasion of privacy claims). It is thus not unreasonable to assume there is more than $75,000 at issue in this case.

### 4. Attorneys' Fees

30. Finally, Plaintiff seeks an unspecified amount of attorneys' fees. FAC ¶¶ 40, 56, 64, 73, Prayer ¶¶ 6–7. Attorneys' fees may be considered in determining the amount in controversy if such fees are recoverable by plaintiff, either by statute or by contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Guglielmino*, 506 F.3d at 697–98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)). "[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons*, 209 F. Supp. 2d at 1035.

31. Here, Plaintiff alleges retaliation claims pursuant to California Labor Code §§ 1102.5 and 98.6 and two breach of contract claims. FAC ¶¶ 40, 56, 64, 73, Prayer ¶¶ 6–7. If Plaintiff prevails in the retaliation claims, he would be entitled to recover reasonable attorneys' fees under California Civil Procedure Code §§ 1102.5

(j) and 1021.5. Given that Plaintiff's claims for economic damages, emotional distress damages, and punitive damages separately could exceed the $75,000 amount-in-controversy jurisdictional minimum, it is clear that adding even a nominal amount of attorneys' fees would bring the total amount in controversy over the $75,000 threshold.

32. Accordingly, the amount-in-controversy requirement is met in this case.

### IV.   ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

33. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1441(a) because this district embraces Orange County, the county in which the Superior Court action is pending.

34. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

35. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case is removable.

**WHEREFORE**, Defendant Pepperidge Farm respectfully requests that this action be removed from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated:     September 28, 2022                MORGAN, LEWIS & BOCKIUS LLP

By /s/ Collie F. James, IV
Collie F. James IV
Benjamin K. Jacobs
Attorneys for Defendant
PEPPERIDGE FARM, INCORPORATED

# PROOF OF SERVICE

I, KC Rosello, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653. On September 28, 2022, I served a copy of the within document(s):

**DEFENDANT PEPPERIDGE FARM, INCORPORATED'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332, 1441, and 1146]**

[x] by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a prepaid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS AGENT for delivery.

[ ] by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Larry Herrera, Esq.<br>Sessions & Kimball LLP<br>23456 Madero, Suite 170<br>Mission Viejo, CA 92691 | Attorneys for Plaintiff<br>TONY SHERMAN |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 28, 2022, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_KC Rosello_
KC Rosello