Case No.:  8:22-cv-1781

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
08/30/2022
CT Log Number 542220482

## Service of Process Transmittal Summary

**TO:**    James C. Guyon, Senior Litigation Paralegal
Campbell Soup Company
1 CAMPBELL PL
CAMDEN, NJ 08103-1799

**RE:**    **Process Served in California**

**FOR:**   Pepperidge Farm, Incorporated  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TONY SHERMAN, an individual vs. PEPPERIDGE FARM, INC. |
| **CASE #:** | 30202201271192CUWTCJC |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/30/2022 at 01:23 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  James C. Guyon  jim_guyon@campbellsoup.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

Exhibit A, Page 12



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Tue, Aug 30, 2022
**Server Name:**                             DROP SERVICE

| Entity Served | PEPPERIDGE FARM INC |
|---|---|
| Case Number | 30202201271192CUWTCJC |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



Electronically Filed by Superior Court of California, County of Orange, 07/21/2022 10:53:42 AM.
30-2022-01271192-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** PEPPERIDGE FARM, INC., a Connecticut
*(AVISO AL DEMANDADO):* Corporation; AND DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** TONY SHERMAN, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>700 Civic Center Drive West<br>Santa Ana, California 92701 | CASE NUMBER:<br>*(Número del Caso):* | 30-2022-01271192-CU-WT-CJC<br><br>Judge Melissa R. McCormick |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sessions & Kimball LLP
23456 Madero, Suite 170, Mission Viejo, CA 92691    (949) 380-0900

| DATE:<br>*(Fecha)* 07/21/2022    DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

K. Trent

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Pepperidge Farm Inc a Connecticut Corporation
   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 07/26/2022 01:02:00 PM.
30-2022-01271192-CU-WT-CJC - ROA # 13 - DAVID H. YAMASAKI, Clerk of the Court By R. Baker, Deputy Clerk

**SESSIONS & KIMBALL LLP**
Larry Herrera, State Bar No. 278315
23456 Madero, Suite 170
Mission Viejo, California 92691
Tel: (949) 380-0900
Fax: (949) 380-8283
Attorneys for Plaintiff
TONY SHERMAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ORANGE

| | |
|---|---|
| TONY SHERMAN, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>PEPPERIDGE FARM, INC., a Connecticut Corporation; AND DOES 1-50, inclusive,<br><br>          Defendants. | Case No: 30-2022-01271192-CU-WT-CJC<br><br>**FIRST AMENDED COMPLAINT**<br>1) Whistleblower Retaliation (Lab. Code §1102.5);<br>2) Breach of Implied Covenant of Good Faith and Fair Dealing;<br>3) Breach of Contract;<br>4) Retaliation for Engaging in Protected Activity;<br>5) Breach of Contract<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TONY SHERMAN hereby complains and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1.     The amount in controversy is in excess of the minimum jurisdiction of this court.

2.     Plaintiff TONY SHERMAN ("SHERMAN") is an individual residing in the State of California, County of Orange.

3.     Defendant Pepperidge Farm, Inc ("PEPPERIDGE") is a Connecticut corporation doing business in California, headquartered at 595 Westport Ave, Norwalk, CT 06851.

4.     The true names and capacities of DEFENDANT DOES 1 through 50 inclusive, whether individual, corporate, associate, or otherwise, are unknown to SHERMAN, who therefore sues such DEFENDANTS by fictitious names pursuant to Code of Civil Procedure § 474. SHERMAN will amend the Complaint to show their true names and capacities once they have been ascertained. DEFENDANTS PEPPERIDGE FARM, Inc., and DOES 1-50 are

1

FIRST AMENDED COMPLAINT

1  hereafter collectively referred to as DEFENDANTS.

2      5.     SHERMAN is further informed and believes, and thereon alleges, that each of the

3  fictitiously named DEFENDANT DOES is responsible in some manner for the occurrences

4  herein alleged, and that SHERMAN 's injuries and damages as alleged herein were proximately

5  caused by their conduct.

6      6.     SHERMAN is informed and believes, and thereon alleges, that DEFENDANTS

7  and DEFENDANT DOES, and each of them, at all relevant times herein were the agents,

8  employees, servants, joint venturers, alter egos, parents, subsidiaries, management companies,

9  holding companies, directors, fiduciaries, representatives, and/or co-conspirators of each of the

10  remaining DEFENDANTS and DEFENDANT DOES.  DEFENDANTS and DEFENDANT

11  DOES, in doing the things hereinafter alleged, were acting within the course and scope of such

12  relationships and are responsible in some manner for the occurrences herein alleged and, as a

13  proximate cause, of SHERMAN 's damages as herein alleged.

14  **FACTUAL BACKGROUND**

15      7.     In or about 1991, SHERMAN invested in a standard PEPPERIDGE consignment

16  contract.

17      8.     For decades, SHERMAN provided PEPPERIDGE consigned products directly to

18  accounts within his exclusive sales territory.  SHERMAN opened a business named Fun Stuff

19  Foods, Inc., for which he used to conduct his duties for PEPPERIDGE as a PEPPERIDGE

20  distributor.

21      9.     In or around 2017, SHERMAN was elected President of the Pepperidge Owners

22  Association of America (hereinafter "POAA"), which is the national trade association comprised

23  of Pepperidge Farm distributors.

24      10.    In or around 2019, several individuals from several states including California,

25  Illinois, and Massachusetts sued PEPPERIDGE to address the misclassification of POAA

26  members as independent contractors.

27      11.    SHERMAN and POAA aggressively worked to make POAA members aware of

28  the employment misclassification class action lawsuits against PEPPERIDGE.

2
FIRST AMENDED COMPLAINT

12.     In or around January 2020, following a proposed consolidated settlement agreement being reached between PEPPERIDGE and the counsel for the class representatives, SHERMAN objected to the proposed consolidated class settlement.

13.     SHERMAN objected to the settlement agreement and continued to inform current and former class members that the settlement agreement drafted by PEPPERIDGE contained substantially more than a specific release of wage-related claims, because the proposed settlement would also result in the material alterations of existing contract rights.  PEPPERIDGE had forced these terms into a proposed settlement agreement, despite these terms having not been discussed or negotiated.

14.     In or around June 2021, SHERMAN objected to an updated settlement agreement once again.  The updated settlement agreement would again force changes to existing contracts between PEPPERIDGE and POAA members in a way that was adverse to POAA members.

15.     SHERMAN was the most vocal voice amongst distributors in objecting to the settlement agreement and encouraging class members to seek independent counsel to review the settlement agreement and object to it as well.

16.     As a result, PEPPERIDGE began to retaliate against SHERMAN for his objection.

17.     On or around June 3, 2021, after SHERMAN's objection to the settlement agreement, PEPPERIDGE notified SHERMAN of alleged misconduct that he engaged in at Target store 2304 in May of 2021 before his objection.

18.     On or around June 14, 2021, SHERMAN provided PEPPERIDGE a response, denying any wrongdoing.

19.     In addition, SHERMAN notified PEPPERIDGE that he had already taken remedial measures by having one of his employees make all deliveries to this Target so SHERMAN would never have to enter that store again.

20.     On or around July 7, 2021, PEPPERIDGE demanded SHERMAN to describe once again his role in the alleged wrongdoing at Target 2304.

21.     Once again SHERMAN denied any wrongdoing and informed PEPPERIDGE

**3**
FIRST AMENDED COMPLAINT

1    once again that he had took remedial measures so SHERMAN would never have to enter that

2    Target again.

3         22.    On or around July 21, 2021, PEPPERIDGE terminated SHERMAN's contract

4    (through Fun Stuff Foods, Inc.) less than a week before the Final Approval Hearing for the

5    proposed consolidated class settlement.

6         23.    PEPPERIDGE seemed to have no issue with SHERMAN's interaction with the

7    Target employees until after SHERMAN's final objection to the settlement.

8         24.    PEPPERIDGE retaliated against SHERMAN by terminating his employment

9    because of SHERMAN's role as POAA President and leading objector to the proposed

10   settlement.

11        25.    At all times relevant hereto, SHERMAN was misclassified as an independent

12   contractor of PEPPERIDGE when he should have been classified as an employee.

13        26.    After terminating SHERMAN, PEPPERIDGE exercised its right to sell

14   SHERMAN's business, Fun Stuff Foods, Inc.

15        27.    Pursuant to the contract that SHERMAN had with PEPPERIDGE, PEPPERIDGE

16   was to give SHERMAN a specific value for the sale of Fun Stuff Foods, Inc.  This value was to

17   be calculated based on Fun Stuff Inc. sales over a specific period of time, and a specific

18   multiplier.

19        28.    PEPPERIDGE did not apply this formula properly, and accordingly provided

20   SHERMAN with substantially less than the contractual amount that PEPPERIDGE was

21   supposed to give SHERMAN for the sale of Fun Stuff Foods, Inc.

22

23                         **FIRST CAUSE OF ACTION**
                            **Whistleblower Retaliation**
24                       **(Violations of Lab. Code §1102.5)**
                            **[Against All Defendants]**
25

26        29.    SHERMAN realleges and hereby incorporates by reference the allegations of

27   paragraphs 1 through 28, inclusive, with the same force and effect as if said paragraphs were

28   fully set forth herein.

---

**4**

FIRST AMENDED COMPLAINT

30.    At all times material hereto, SHERMAN was an employee protected by Labor Code § 1102.5(b), which prohibits whistleblower retaliation.

31.    At all times material hereto, PEPPERIDGE and DEFENDANT DOES were employers within the meaning of California Labor Code §1132.2., and as such were prohibited from engaging in whistleblower retaliation.

32.    Employees with PEPPERIDGE who had authority over SHERMAN and could investigate his complaints, knew that SHERMAN made complaints that PEPPERIDGE was attempting to breach existing contracts by forcing terms onto the aforementioned settlement agreement that invalidated the existing contracts.

33.    SHERMAN had reasonable cause to believe that the information he disclosed evidenced a violation of applicable laws and PEPPERIDGE's policies.

34.    PEPPERIDGE and DEFENDANT DOES retaliated against SHERMAN by terminating his employment after his objection to the proposed settlement agreement.

35.    SHERMAN'S disclosure of information was a contributing factor in PEPPERIDGE's, and DEFENDANT DOES decision to subject SHERMAN to the adverse employment actions.

36.    As a direct, foreseeable and proximate result of PEPPERIDGE's and DEFENDANT DOES and each of their behaviors, SHERMAN has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits, all to SHERMAN's damage in an amount according to proof at trial.

37.    As a further direct, foreseeable and proximate result of PEPPERIDGE's and DEFENDANT DOES and each of their behaviors, SHERMAN has suffered and incurred, and is presently suffering and incurring, serious harm and damage to SHERMAN's personal and professional reputation and credibility all the SHERMAN's damage in an amount according to proof at trial.

38.    As a result of further direct, foreseeable and proximate result of PEPPERIDGE's and DEFENDANT DOES and each of their behaviors, SHERMAN has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress,

5
FIRST AMENDED COMPLAINT

1    and incidental and consequential damages and expenses, all to SHERMAN's damage in an

2    amount according to proof at trial.

3    　　39.    SHERMAN is informed and believes, and thereon alleges, that PEPPERIDGE's

4    and DEFENDANT DOES committed the acts described herein deliberately, callously,

5    maliciously, fraudulently and in an oppressive manner intended to injure SHERMAN and that

6    such improper motives amounted to malice and a conscious disregard of SHERMAN's rights as

7    set forth herein. In doing the acts as herein alleged, the manager was acting pursuant to the

8    authorization of PEPPERIDGE and DEFENDANT DOES. An award of punitive damages

9    against PEPPERIDGE's and DEFENDANT DOES is therefore warranted.

10    　　40.    As a result of the retaliatory conduct of PEPPERIDGE's and DEFENDANT

11    DOES and each of them, as alleged herein, SHERMAN is entitled to costs of suit, including

12    reasonable attorney's fees, pursuant to Labor Code § 1021.5, in according to proof at trial.

13
14    　　　　　　　　　**SECOND CAUSE OF ACTION**
    　　　**Breach of Implied Covenant of Good Faith and Fair Dealing**
15    　　　　　　　　**[Against All Defendants]**

16    　　41.    SHERMAN repeats and realleges each and every allegation contained in paragraphs

17    1 through 40, inclusive, and incorporates the same by reference as if fully set forth herein.

18    　　42.    At all times material herein, SHERMAN was employed by PEPPERIDGE and

19    DEFENDANT DOES.

20    　　43.    SHERMAN entered into a contract with PEPPERIDGE that listed 15 categories

21    which PEPPERIDGE can rely on as a lawful basis for terminating the contract between

22    SHERMAN and PEPPERIDGE.

23    　　44.    SHERMAN satisfied all his responsibilities under his contract. However,

24    PEPPERIDGE and DEFENDANT DOES retaliated against SHERMAN for his complaints about

25    being misclassified, and because SHERMAN pointed out that the proposed settlement agreement

26    contained a number of terms that PEPPERIDGE and DEFENDANT DOES tried to force into the

27    agreement that would have breached contracts that POAA members had with PEPPERIDGE and

28    caused them lose their protections.

**6**
FIRST AMENDED COMPLAINT

45.    PEPPERIDGE's reason which they are relying upon as a justification for terminating SHERMAN does not rise to the level mentioned in any of the 15 categories listed in the contract.

46.    PEPPERIDGE and DEFENDANT DOES interpreted the terms of the contract in bad-faith, in order to terminate SHERMAN despite SHERMAN having not engaged in any conduct that would give PEPPERIDGE the right to terminate SHERMAN.

47.    PEPPERIDGE's and DEFENDANT DOES actions were a substantial factor in causing SHERMAN's harm.

48.    As a direct, foreseeable and proximate result of PEPPERIDGE's and DEFENDANT DOES behavior, SHERMAN has suffered, and continues to suffer, substantial losses in past income, bonuses, deferred compensation, and other employment benefits, all to SHERMAN's damage in an amount according to proof at trial.

49.    SHERMAN is informed and believes, and thereon alleges, that PEPPERIDGE's and DEFENDANT DOES committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure SHERMAN and that such improper motives amounted to malice and a conscious disregard of SHERMAN's rights. An award of punitive damages against PEPPERIDGE and DEFENDANT DOES is therefore warranted.

### THIRD CAUSE OF ACTION
**Breach of Contract**
**[Against All Defendants]**

50.    SHERMAN repeats and realleges each and every allegation contained in paragraphs 1 through 49, inclusive, and incorporates the same by reference as if fully set forth herein.

51.    SHERMAN entered into a contract with PEPPERIDGE and DEFENDANT DOES that listed 15 categories which PEPPERIDGE can rely on as a lawful basis for terminating the contract between SHERMAN and PEPPERIDGE.

52.    PEPPERIDGE's reason which they are relying upon as a justification for terminating SHERMAN does not rise to the level mentioned in any of the 15 categories listed in

---

7

FIRST AMENDED COMPLAINT

1    the contract.

2        53.    PEPPERIDGE terminated SHERMAN in breach of the contract SHERMAN had

3    with PEPPERIDGE.

4        54.    PEPPERIDGE's and DEFENDANT DOES breach of contract was a substantial

5    factor in causing SHERMAN's harm.

6        55.    As a direct, foreseeable and proximate result of PEPPERIDGE's and

7    DEFENDANT DOES, and each of their behaviors, SHERMAN has suffered damages.

8        56.    SHERMAN further requests reasonable attorney fees pursuant to the terms of the

9    contract.

10

11                          **FOURTH CAUSE OF ACTION**
                  **Retaliation for Engaging in Protected Activity**
12                        **(Violation of Lab. Code §98.6)**
                            **[Against all DEFENDANTS]**

13       57.    SHERMAN repeats and realleges each and every allegation contained in paragraphs

14    1 through 56, inclusive, and incorporates the same by reference as if fully set forth herein.

15       58.    At all times relevant to this Complaint, SHERMAN was employed by

16    PEPPERIDGE's, and DEFENDANT DOES and covered by California Labor Code section 98.6

17    anti-retaliation provisions, which prohibit an employer from retaliating against employees who

18    report what they reasonably believe to be unlawful business practices.

19       59.    Specifically. California Labor Code section 98.6 provides that:
20       (a) A person shall not discharge an employee or in any manner discriminate,
         retaliate, or take any adverse action against any employee … because the
21       employee …engaged in any conduct delineated in this … or because the
         employee … has … made a written or oral complaint that he or she is owed
22       unpaid wages, or … because of the exercise by the employee … on behalf of
         himself, herself, or others of any rights afforded him or her.
23

24       (b)(3) In addition to other remedies available, an employer who violates this
         section is liable for a civil penalty not exceeding ten thousand dollars ($10,000)
25       per employee for each violation of this section, to be awarded to the employee or
         employees who suffered the violation.
26

27       60.    As alleged above, SHERMAN engaged in acts protected by this public policy

28

---

**8**
FIRST AMENDED COMPLAINT

1    including, but not limited to, complaining about being misclassified as an independent contractor,

2    objecting to the proposed settlement agreement, encouraging fellow POAA members to opt out

3    and/or seek legal counsel to review the settlement agreement and assert their rights.

4        61.    SHERMAN's protected conduct described above was a substantial motivating

5    factor in PEPPERIDGE and DEFENDANT DOES' decision to terminate SHERMAN.

6        62.    SHERMAN is informed and believes and thereon alleges that PEPPERIDGE and

7    DEFENDANT DOES knew or should have known that their retaliatory conduct was unlawful.

8    SHERMAN is further informed and believes and thereon alleges that PEPPERIDGE's and

9    DEFENDANT DOES conduct outlined above was intentional and deliberately retaliatory and

10   was engaged in out of animus for SHERMAN and for the purpose of injuring SHERMAN

11   because of his protected activity.

12       63.    PEPPERIDGE's and DEFENDANT DOES conduct was a substantial factor in

13   causing SHERMAN's harm, namely that SHERMAN was forced to suffer, among other injuries,

14   lost wages and other compensation, benefits, physical and emotional distress including

15   nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort and

16   anxiety, and other pecuniary loss, thus causing SHERMAN damages in an amount according to

17   proof at trial, in excess of the minimum for unlimited jurisdiction of this Court.

18       64.    Pursuant to California Labor Code section 1021.5, SHERMAN is entitled to

19   reasonable attorney's fees and costs of suit.

20       65.    Further, and because the wrongful acts were carried out by PEPPERIDGE's and

21   DEFENDANT DOES employees and managing agents, and encouraged or assisted by

22   PEPPERIDGE, PEPPERIDGE acted with oppressive, fraudulent, or malicious intent, and

23   exhibited a deliberate disregard for the rights and safety of SHERMAN in that they retaliated

24   against SHERMAN for his complaints about perceived violations of California law and the

25   California Labor Code. Accordingly, SHERMAN is entitled to punitive damages, pursuant to

26   California Civil Code section 3294, so as to punish PEPPERIDGE and DEFENDANT DOES and

27   deter it from similar conduct in the future.

28

**9**
FIRST AMENDED COMPLAINT

**FIFTH CAUSE OF ACTION**
**Breach of Contract**
**[Against All Defendants]**

66.    SHERMAN repeats and realleges each and every allegation contained in paragraphs 1 through 65, inclusive, and incorporates the same by reference as if fully set forth herein.

67.    SHERMAN entered into a contract with PEPPERIDGE that gave PEPPERIDGE the right to sell SHERMAN's business Fun Stuff Foods, Inc.

68.    Pursuant to the terms of the contract, should PEPPERIDGE force a sale of Fun Stuff Foods, Inc., they were contractually bound to give SHERMAN an amount of money based on previous sales for Fun Stuff Foods, Inc. as well as a specific multiplier.

69.    PEPPERIDGE elected to force a sale of Fun Stuff Foods, Inc., but from this sale, PEPPERIDGE gave SHERMAN substantially less than the amount that PEPPERIDGE was contractually bound to give SHERMAN from the sale.

70.    In addition, SHERMAN was required to obtain representation to obtain remuneration for a Costco account which PEPPERIDGE chose not to compensate SHERMAN for.

71.    PEPPERIDGE's and DEFENDANT DOES breach of contract was a substantial factor in causing SHERMAN's harm.

72.    As a direct, foreseeable and proximate result of PEPPERIDGE's and DEFENDANT DOES, and each of their behaviors, SHERMAN has suffered damages.

73.    SHERMAN further requests reasonable attorney fees pursuant to the terms of the contract.

**PRAYER FOR RELIEF**

WHEREFORE, SHERMAN demands judgment against PEPPERIDGE and DEFENDANT DOES, and their agents and employees as follows:

1.    Actual damages, including loss of past earnings, bonuses, deferred compensation, and other employment benefits in an amount according to proof at time of trial;

2.    General and special damages, including, but not limited to, pain and suffering,

---

**10**
FIRST AMENDED COMPLAINT

1    emotional distress, loss of reputation and medical expenses, in an amount according to proof at

2    time of trial;

3              3.   Consequential and incidental damages and expenses, in an amount according to

4    proof at time of trial;

5              4.   Pre-judgment and post-judgment interest, at the prevailing legal rate;

6              5.   As to the First, Second, and Fourth Causes of Action, for punitive damages in an

7    amount appropriate to punish DEFENDANTS for their wrongful conduct and set an example for

8    others;

9              6.   As to the First Cause of Action, for attorney's fees pursuant to Code of Civil

10   Procedure § 1021.5;

11             7.   As to the Third and Fifth Cause of Action, for reasonable attorney fees pursuant

12   to the terms of the employment contract;

13             8.   For costs of suit incurred herein; and

14             9.   For such other and further relief as the Court may deem just, proper and equitable.

15

16   DATED:  July 26, 2022                    SESSIONS & KIMBALL LLP

17

18

19

20   By: _____

21        LARRY LEBRERA
         Attorney for plaintiff
         TONY SHERMAN

22

23   ///

24   ///

25   ///

26   ///

27   ///

28

---

**11**

FIRST AMENDED COMPLAINT

## JURY TRIAL DEMAND

Plaintiff TONY SHERMAN hereby makes a demand for her constitutional right to trial by jury for all triable issues in the above–titled action.

DATED: July 26, 2022                    SESSIONS & KIMBALL LLP

By: _____

LARRY HERRERA
Attorneys for plaintiff
TONY SHERMAN

---

**12**
FIRST AMENDED COMPLAINT

Electronically Filed by Superior Court of California, County of Orange, 07/21/2022 10:53:42 AM.
30-2022-01271192-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

**SESSIONS & KIMBALL LLP**
Larry Herrera, State Bar No. 278315
23456 Madero, Suite 170
Mission Viejo, California 92691
Tel: (949) 380-0900
Fax: (949) 380-8283
Attorneys for Plaintiff
TONY SHERMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF ORANGE

| | |
|---|---|
| TONY SHERMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PEPPERIDGE FARM, INC., a Connecticut Corporation; AND DOES 1-50, inclusive,<br><br>Defendants. | Case No:  30-2022-01271192-CU-WT-CJC<br><br>**COMPLAINT FOR:**<br>1) Whistleblower Retaliation (Lab. Code §1102.5);<br>2) Breach of Implied Covenant of Good Faith and Fair Dealing;<br>3) Breach of Contract;<br>4) Retaliation for Engaging in Protected Activity;<br>5) Breach of Contract |

<u>**JURY TRIAL DEMANDED**</u>

**Assigned for All Purposes**
Judge Melissa R. McCormick

Plaintiff TONY SHERMAN hereby complains and alleges as follows:

## <u>PRELIMINARY ALLEGATIONS</u>

1.      The amount in controversy is in excess of the minimum jurisdiction of this court.

2.      Plaintiff TONY SHERMAN ("SHERMAN") is an individual residing in the State of California, County of Orange.

3.      Defendant Pepperidge Farm, Inc ("PEPPERIDGE") is a Connecticut corporation doing business in California, headquartered at 595 Westport Ave, Norwalk, CT 06851.

4.      The true names and capacities of DEFENDANT DOES 1 through 50 inclusive, whether individual, corporate, associate, or otherwise, are unknown to SHERMAN, who therefore sues such DEFENDANTS by fictitious names pursuant to Code of Civil Procedure § 474.  SHERMAN will amend the Complaint to show their true names and capacities once they have been ascertained. DEFENDANTS PEPPERIDGE FARM, Inc., and DOES 1-50 are

1<br>COMPLAINT

1    hereafter collectively referred to as DEFENDANTS.

2        5.      SHERMAN is further informed and believes, and thereon alleges, that each of the

3    fictitiously named DEFENDANT DOES is responsible in some manner for the occurrences

4    herein alleged, and that SHERMAN 's injuries and damages as alleged herein were proximately

5    caused by their conduct.

6        6.      SHERMAN is informed and believes, and thereon alleges, that DEFENDANTS

7    and DEFENDANT DOES, and each of them, at all relevant times herein were the agents,

8    employees, servants, joint venturers, alter egos, parents, subsidiaries, management companies,

9    holding companies, directors, fiduciaries, representatives, and/or co-conspirators of each of the

10   remaining DEFENDANTS and DEFENDANT DOES.  DEFENDANTS and DEFENDANT

11   DOES, in doing the things hereinafter alleged, were acting within the course and scope of such

12   relationships and are responsible in some manner for the occurrences herein alleged and, as a

13   proximate cause, of SHERMAN 's damages as herein alleged.

14                              **FACTUAL BACKGROUND**

15       7.      In or about 1991, SHERMAN invested in a standard PEPPERIDGE consignment

16   contract.

17       8.      For decades, SHERMAN provided PEPPERIDGE consigned products directly to

18   accounts within his exclusive sales territory.  As required by PEPPERIDGE, SHERMAN opened

19   a business named Fun Stuff Foods, Inc., for which he used to conduct his duties for

20   PEPPERIDGE as a PEPPERIDGE distributor.

21       9.      In or around 2017, SHERMAN was elected President of the Pepperidge Owners

22   Association of America (hereinafter "POAA"), which is the national trade association comprised

23   of Pepperidge Farm distributors.

24       10.     In or around 2019, SHERMAN and several individuals from several states

25   including California, Illinois, and Massachusetts sued PEPPERIDGE to address the

26   misclassification of POAA members as independent contractors.

27       11.     SHERMAN and POAA aggressively worked to make POAA members aware of

28   the employment misclassification class action lawsuits against PEPPERIDGE.

2

COMPLAINT

12.     In or around January 2020, following a proposed consolidated settlement agreement being reached between PEPPERIDGE and the counsel for the class representatives, SHERMAN objected to the proposed consolidated class settlement.

13.     SHERMAN objected to the settlement agreement and continued to inform absent class members that the settlement agreement drafted by PEPPERIDGE contained substantially more than a specific release of wage-related claims, because the proposed settlement would also result in the material alterations of existing contract rights.  PEPPERIDGE had forced these terms into a proposed settlement agreement, despite these terms having not been discussed or negotiated.

14.     In or around June 2021, SHERMAN objected to an updated settlement agreement once again.  The updated settlement agreement would again force changes to existing contracts between PEPPERIDGE and POAA members in a way that was adverse to POAA members.

15.     SHERMAN was the most vocal voice amongst distributors in objecting to the settlement agreement and encouraging class members to seek independent counsel to review the settlement agreement and likely opt out of the agreement.

16.     As a result, PEPPERIDGE began to retaliate against SHERMAN for his objection.

17.     On or around June 3, 2021, after SHERMAN's objection to the settlement agreement, PEPPERIDGE notified SHERMAN of alleged misconduct that he engaged in at Target store 2304 in May of 2021 before his objection.

18.     On or around June 14, 2021, SHERMAN provided PEPPERIDGE a response, denying any wrongdoing.

19.     In addition, SHERMAN notified PEPPERIDGE that he had already taken remedial measures by having one of his employees make all deliveries to this Target so SHERMAN would never have to enter that store again.

20.     On or around July 7, 2021, PEPPERIDGE demanded SHERMAN to describe once again his role in the alleged wrongdoing at Target 2304.

21.     Once again SHERMAN denied any wrongdoing and informed PEPPERIDGE

3
COMPLAINT

once again that he had took remedial measures so SHERMAN would never have to enter that Target again.

22.    On or around July 21, 2021, PEPPERIDGE terminated SHERMAN's contract (through Fun Stuff Foods, Inc.) less than a week before the Final Approval Hearing for the proposed consolidated class settlement.

23.    PEPPERIDGE seemed to have no issue with SHERMAN's interaction with the Target employees until after SHERMAN's final objection to the settlement.

24.    PEPPERIDGE retaliated against SHERMAN by terminating his employment because of SHERMAN's role as POAA President and leading objector to the proposed settlement.

25.    At all times relevant hereto, SHERMAN was misclassified as an independent contractor of PEPPERIDGE when he should have been classified as an employee.

26.    After terminating SHERMAN, PEPPERIDGE exercised its right to sell SHERMAN's business, Fun Stuff Foods, Inc.

27.    Pursuant to the contract that SHERMAN had with PEPPERIDGE, PEPPERIDGE was to give SHERMAN a specific value for the sale of Fun Stuff Foods, Inc.  This value was to be calculated based on Fun Stuff Inc. sales over a specific period of time, and a specific multiplier.

28.    PEPPERIDGE did not apply this formula properly, and accordingly provided SHERMAN with substantially less that the contractual amount that PEPPERIDGE was supposed to give SHERMAN for the sale of Fun Stuff Foods, Inc.

**FIRST CAUSE OF ACTION**
**Whistleblower Retaliation**
**(Violations of Lab. Code §1102.5)**
**[Against All Defendants]**

29.    SHERMAN realleges and hereby incorporates by reference the allegations of paragraphs 1 through 28, inclusive, with the same force and effect as if said paragraphs were fully set forth herein.

4
COMPLAINT

30.    At all times material hereto, SHERMAN was an employee protected by Labor

Code § 1102.5(b), which prohibits whistleblower retaliation.

31.    At all times material hereto, PEPPERIDGE and DEFENDANT DOES were

employers within the meaning of California Labor Code §1132.2., and as such were prohibited

from engaging in whistleblower retaliation.

32.    Employees with PEPPERIDGE who had authority over SHERMAN and could

investigate his complaints, knew that SHERMAN made complaints that PEPPERIDGE was

attempting to breach existing contracts by forcing terms onto the aforementioned settlement

agreement that invalidated the existing contracts.

33.    SHERMAN had reasonable cause to believe that the information he disclosed

evidenced a violation of applicable laws and PEPPERIDGE's policies.

34.    PEPPERIDGE and DEFENDANT DOES retaliated against SHERMAN by

terminating his employment after his objection to the proposed settlement agreement.

35.    SHERMAN'S disclosure of information was a contributing factor in

PEPPERIDGE's, and DEFENDANT DOES decision to subject SHERMAN to the adverse

employment actions.

36.    As a direct, foreseeable and proximate result of PEPPERIDGE's and

DEFENDANT DOES and each of their behaviors, SHERMAN has suffered, and continues to

suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other

employment benefits, all to SHERMAN's damage in an amount according to proof at trial.

37.    As a further direct, foreseeable and proximate result of PEPPERIDGE's and

DEFENDANT DOES and each of their behaviors, SHERMAN has suffered and incurred, and is

presently suffering and incurring, serious harm and damage to SHERMAN's personal and

professional reputation and credibility all the SHERMAN's damage in an amount according to

proof at trial.

38.    As a result of further direct, foreseeable and proximate result of PEPPERIDGE's

and DEFENDANT DOES and each of their behaviors, SHERMAN has suffered, and continues

to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress,

1    and incidental and consequential damages and expenses, all to SHERMAN's damage in an

2    amount according to proof at trial.

3       39.    SHERMAN is informed and believes, and thereon alleges, that PEPPERIDGE's

4    and DEFENDANT DOES committed the acts described herein deliberately, callously,

5    maliciously, fraudulently and in an oppressive manner intended to injure SHERMAN and that

6    such improper motives amounted to malice and a conscious disregard of SHERMAN's rights as

7    set forth herein. In doing the acts as herein alleged, the manager was acting pursuant to the

8    authorization of PEPPERIDGE and DEFENDANT DOES. An award of punitive damages

9    against PEPPERIDGE's and DEFENDANT DOES is therefore warranted.

10      40.    As a result of the retaliatory conduct of PEPPERIDGE's and DEFENDANT

11   DOES and each of them, as alleged herein, SHERMAN is entitled to costs of suit, including

12   reasonable attorney's fees, pursuant to Labor Code § 1021.5, in according to proof at trial.

13

14                      **SECOND CAUSE OF ACTION**
                **Breach of Implied Covenant of Good Faith and Fair Dealing**
15                        **[Against All Defendants]**

16      41.    SHERMAN repeats and realleges each and every allegation contained in paragraphs

17   1 through 40, inclusive, and incorporates the same by reference as if fully set forth herein.

18      42.    At all times material herein, SHERMAN was employed by PEPPERIDGE and

19   DEFENDANT DOES.

20      43.    SHERMAN entered into a contract with PEPPERIDGE that listed 15 categories

21   which PEPPERIDGE can rely on as a lawful basis for terminating the contract between

22   SHERMAN and PEPPERIDGE.

23      44.    SHERMAN satisfied all his responsibilities under his contract. However,

24   PEPPERIDGE and DEFENDANT DOES retaliated against SHERMAN for his complaints about

25   being misclassified, and because SHERMAN pointed out that the proposed settlement agreement

26   contained a number of terms that PEPPERIDGE and DEFENDANT DOES tried to force into the

27   agreement that would have breached contracts that POAA members had with PEPPERIDGE.

28      45.    PEPPERIDGE's reason which they are relying upon as a justification for

                                     6
                                COMPLAINT

1  terminating SHERMAN does not rise to the level mentioned in any of the 15 categories listed in

2  the contract.

3      46.   PEPPERIDGE and DEFENDANT DOES interpreted the terms of the contract in

4  bad-faith, in order to terminate SHERMAN despite SHERMAN having not engaged in any

5  conduct that would give PEPPERIDGE the right to terminate SHERMAN.

6      47.   PEPPERIDGE's and DEFENDANT DOES actions were a substantial factor in

7  causing SHERMAN's harm.

8      48.   As a direct, foreseeable and proximate result of PEPPERIDGE's and

9  DEFENDANT DOES behavior, SHERMAN has suffered, and continues to suffer, substantial

10  losses in past income, bonuses, deferred compensation, and other employment benefits, all to

11  SHERMAN's damage in an amount according to proof at trial.

12      49.   SHERMAN is informed and believes, and thereon alleges, that PEPPERIDGE's

13  and DEFENDANT DOES committed the acts described herein deliberately, callously,

14  maliciously, fraudulently and in an oppressive manner intended to injure SHERMAN and that

15  such improper motives amounted to malice and a conscious disregard of SHERMAN's rights. An

16  award of punitive damages against PEPPERIDGE and DEFENDANT DOES is therefore

17  warranted.

18

19  ### THIRD CAUSE OF ACTION
    **Breach of Contract**

20  **[Against All Defendants]**

21      50.   SHERMAN repeats and realleges each and every allegation contained in paragraphs

22  1 through 49, inclusive, and incorporates the same by reference as if fully set forth herein.

23      51.   SHERMAN entered into a contract with PEPPERIDGE and DEFENDANT DOES

24  that listed 15 categories which PEPPERIDGE can rely on as a lawful basis for terminating the

25  contract between SHERMAN and PEPPERIDGE.

26      52.   PEPPERIDGE's reason which they are relying upon as a justification for

27  terminating SHERMAN does not rise to the level mentioned in any of the 15 categories listed in

28  the contract.

7
COMPLAINT

53.   PEPPERIDGE terminated SHERMAN in breach of the contract SHERMAN had

with PEPPERIDGE.

54.   PEPPERIDGE's and DEFENDANT DOES breach of contract was a substantial

factor in causing SHERMAN's harm.

55.   As a direct, foreseeable and proximate result of PEPPERIDGE's and

DEFENDANT DOES, and each of their behaviors, SHERMAN has suffered damages.

56.   SHERMAN further requests reasonable attorney fees pursuant to the terms of the

contract.

### FOURTH CAUSE OF ACTION
**Retaliation for Engaging in Protected Activity**
**(Violation of Lab. Code §98.6)**
**[Against all DEFENDANTS]**

57.   SHERMAN repeats and realleges each and every allegation contained in paragraphs

1 through 56, inclusive, and incorporates the same by reference as if fully set forth herein.

58.   At all times relevant to this Complaint, SHERMAN was employed by

PEPPERIDGE's, and DEFENDANT DOES and covered by California Labor Code section 98.6

anti-retaliation provisions, which prohibit an employer from retaliating against employees who

report what they reasonably believe to be unlawful business practices.

59.   Specifically. California Labor Code section 98.6 provides that:
(a) A person shall not discharge an employee or in any manner discriminate,
retaliate, or take any adverse action against any employee … because the
employee …engaged in any conduct delineated in this … or because the
employee … has … made a written or oral complaint that he or she is owed
unpaid wages, or … because of the exercise by the employee … on behalf of
himself, herself, or others of any rights afforded him or her.

(b)(3) In addition to other remedies available, an employer who violates this
section is liable for a civil penalty not exceeding ten thousand dollars ($10,000)
per employee for each violation of this section, to be awarded to the employee or
employees who suffered the violation.

60.   As alleged above, SHERMAN engaged in acts protected by this public policy

including, but not limited to, complaining about being misclassified as an independent contractor,

**8**
COMMPLAINT

1    objecting to the proposed settlement agreement, encouraging fellow POAA members to opt out
2    and/or seek legal counsel to review the settlement agreement and assert their rights.

3    61.    SHERMAN's protected conduct described above was a substantial motivating
4    factor in PEPPERIDGE and DEFENDANT DOES' decision to terminate SHERMAN.

5    62.    SHERMAN is informed and believes and thereon alleges that PEPPERIDGE and
6    DEFENDANT DOES knew or should have known that their retaliatory conduct was unlawful.
7    SHERMAN is further informed and believes and thereon alleges that PEPPERIDGE's and
8    DEFENDANT DOES conduct outlined above was intentional and deliberately retaliatory and
9    was engaged in out of animus for SHERMAN and for the purpose of injuring SHERMAN
10    because of his protected activity.

11    63.    PEPPERIDGE's and DEFENDANT DOES conduct was a substantial factor in
12    causing SHERMAN's harm, namely that SHERMAN was forced to suffer, among other injuries,
13    lost wages and other compensation, benefits, physical and emotional distress including
14    nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort and
15    anxiety, and other pecuniary loss, thus causing SHERMAN damages in an amount according to
16    proof at trial, in excess of the minimum for unlimited jurisdiction of this Court.

17    64.    Pursuant to California Labor Code section 1021.5, SHERMAN is entitled to
18    reasonable attorney's fees and costs of suit.

19    65.    Further, and because the wrongful acts were carried out by PEPPERIDGE's and
20    DEFENDANT DOES employees and managing agents, and encouraged or assisted by
21    PEPPERIDGE, PEPPERIDGE acted with oppressive, fraudulent, or malicious intent, and
22    exhibited a deliberate disregard for the rights and safety of SHERMAN in that they retaliated
23    against SHERMAN for his complaints about perceived violations of California law and the
24    California Labor Code. Accordingly, SHERMAN is entitled to punitive damages, pursuant to
25    California Civil Code section 3294, so as to punish PEPPERIDGE and DEFENDANT DOES and
26    deter it from similar conduct in the future.

27
28

## FIFTH CAUSE OF ACTION
### Breach of Contract
### [Against All Defendants]

66.     SHERMAN repeats and realleges each and every allegation contained in paragraphs 1 through 65, inclusive, and incorporates the same by reference as if fully set forth herein.

67.     SHERMAN entered into a contract with PEPPERIDGE that gave PEPPERIDGE the right to sell SHERMAN's business Fun Stuff Foods, Inc.

68.     Pursuant to the terms of the contract, should PEPPERIDGE force a sale of Fun Stuff Foods, Inc., they were contractually bound to give SHERMAN an amount of money based on previous sales for Fun Stuff Foods, Inc. as well as a specific multiplier.

69.     PEPPERIDGE elected to force a sale of Fun Stuff Foods, Inc., but from this sale, PEPPERIDGE gave SHERMAN substantially less than the amount that PEPPERIDGE was contractually bound to give SHERMAN from the sale.

70.     PEPPERIDGE's and DEFENDANT DOES breach of contract was a substantial factor in causing SHERMAN's harm.

71.     As a direct, foreseeable and proximate result of PEPPERIDGE's and DEFENDANT DOES, and each of their behaviors, SHERMAN has suffered damages.

72.     SHERMAN further requests reasonable attorney fees pursuant to the terms of the contract.

## PRAYER FOR RELIEF

WHEREFORE, SHERMAN demands judgment against PEPPERIDGE and DEFENDANT DOES, and their agents and employees as follows:

1.  Actual damages, including loss of past earnings, bonuses, deferred compensation, and other employment benefits in an amount according to proof at time of trial;

2.  General and special damages, including, but not limited to, pain and suffering, emotional distress, loss of reputation and medical expenses, in an amount according to proof at time of trial;

3.  Consequential and incidental damages and expenses, in an amount according to

---

**10**
COMPLAINT

1   proof at time of trial;

2         4.  Pre-judgment and post-judgment interest, at the prevailing legal rate;

3         5.  As to the First, Second, and Fourth Causes of Action, for punitive damages in an

4   amount appropriate to punish DEFENDANTS for their wrongful conduct and set an example for

5   others;

6         6.  As to the First Cause of Action, for attorney's fees pursuant to Code of Civil

7   Procedure § 1021.5;

8         7.  As to the Third and Fifth Cause of Action, for reasonable attorney fees pursuant

9   to the terms of the employment contract;

10         8.  For costs of suit incurred herein; and

11         9.  For such other and further relief as the Court may deem just, proper and equitable.

12

13   DATED:  July 21, 2022           SESSIONS & KIMBALL LLP

14

15

16                 By: _____
                      LARRY HERRERA

17                     Attorneys for plaintiff
                    TONY SHERMAN

18

19                   **JURY TRIAL DEMAND**

20       Plaintiff TONY SHERMAN hereby makes a demand for her constitutional right to trial

21   by jury for all triable issues in the above–titled action.

22

23   DATED:  July 21, 2022           SESSIONS & KIMBALL LLP

24

25                 By: _____

26

27                     LARRY HERRERA
                    Attorneys for plaintiff

28                     TONY SHERMAN

11

COMPLAINT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE | **FILED** |
| MAILING ADDRESS: 700 W. Civic Center Drive | SUPERIOR COURT OF CALIFORNIA |
| CITY AND ZIP CODE: Santa Ana 92701 | COUNTY OF ORANGE |
| BRANCH NAME: Central Justice Center | |
| PLAINTIFF: Tony Sherman | **Jul 21, 2022** |
| DEFENDANT: Pepperidge Farm, Inc. | Clerk of the Superior Court |
| Short Title: SHERMAN VS. PEPPERIDGE FARM, INC. | By: K. TRENT, Deputy |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01271192-CU-WT-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing
on <u>01/12/2023</u> at <u>09:00:00 AM</u> in Department <u>C13</u> of this court, located at <u>Central Justice
Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings
that add new parties to the proceeding must provide notice of the Case Management Conference to the
newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions
regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las
instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para
responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những
hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những
thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _____ , Deputy

**NOTICE OF HEARING**                    Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** SHERMAN VS. PEPPERIDGE FARM, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>**30-2022-01271192-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 07/21/2022. Following standard court practice the mailing will occur at Sacramento, California on 07/22/2022.

Clerk of the Court, by: _____, Deputy

SESSIONS & KIMBALL LLP
23456 MADERO # 170
MISSION VIEJO, CA 92691

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                                   Page: 2

V3 1013a (June 2004)                                          Code of Civil Procedure , § CCP1013(a)

Exhibit A, Page 39

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 07/25/2022                    TIME: 09:48:00 AM        DEPT: C13
JUDICIAL OFFICER PRESIDING: Melissa R. McCormick
CLERK: E. Yu
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2022-01271192-CU-WT-CJC**  CASE INIT.DATE: 07/21/2022
CASE TITLE: **Sherman vs. Pepperidge Farm, Inc.**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Wrongful Termination

EVENT ID/DOCUMENT ID: 73810287
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Case Management Conference currently set on 01/12/2023 is ordered advanced to 11/03/2022 at 09:00 AM in C13.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

DATE: 07/25/2022                    MINUTE ORDER                    Page 1
DEPT: C13                                                           Calendar No.

52.638624. 3 of 3

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** |  |
| --- | --- |
| Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 |  |
| **SHORT TITLE:** Sherman vs. Pepperidge Farm, Inc. |  |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | **CASE NUMBER:**<br>**30-2022-01271192-CU-WT-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 07/25/22 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 7/25/22. Following standard court practice the mailing will occur at Sacramento, California on 7/26/22.

SESSIONS & KIMBALL LLP
23456 MADERO 170
MISSION VIEJO, CA 92691

Clerk of the Court, by: _____ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)

Code of Civ. Procedure , § CCP1013(a)

52.638624. 2 of 3

Exhibit A, Page 41

SUPERIOR COURT OF CALIFORNIA
ORANGE COUNTY
700 CIVIC CENTER DR. WEST
SANTA ANA, CA 92701



52.CRT30.638624.S1
SESSIONS & KIMBALL LLP
23456 MADERO 170
MISSION VIEJO, CA 92691

52.638624. 1 of 3

CM-010

Electronically Filed by Superior Court of California, County of Orange, 07/21/2022 10:53:42 AM.
30-2022-01271192-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Korrapany Deputy Clerk.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Larry Herrera                                   SBN: 278315
Sessions & Kimball LLP
23456 Madero, Suite 170, Mission Viejo, CA 92691
TELEPHONE NO.: (949) 380-0900   FAX NO. (Optional): (949) 380-8283
E-MAIL ADDRESS: leh@job-law.com
ATTORNEY FOR (Name): Tony Sherman

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME: Sherman v. Pepperidge Farm, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2022-01271192-CU-WT-CJC |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Melissa R. McCormick DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4.  Number of causes of action *(specify):* Five (5)
5.  This case [ ] is [X] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 21, 2022

Larry Herrera
_____                              ▶        _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**